

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*Implicitly overruled*
*0-2727*

Honorable Perry L. Jones
County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. 0-6596
Re: Can the Assessor-Collector of taxes
accept delinquent taxes on personal
property without requiring that
delinquent poll taxes be paid at the
same time? Also on real property?
Is the Tax Collector authorized to
accept a sum less than taxes and penal-
ties due by the taxpayers?

Your letter of May 18, 1945, presents for the opinion
of this department three questions as follows:

"1. Can the Assessor-Collector of taxes accept
delinquent taxes on personal property without requiring
that delinquent poll taxes be paid at the same time?

"2. Can the Assessor-Collector of taxes accept
delinquent taxes on real estate without requiring that
delinquent poll taxes be paid at the same time?

"3. The Assessor-Collector of taxes sent out a
statement of delinquent taxes stating the amount due
if paid by April 30, 1945. The taxpayer delays mailing
his check until after May 1st at which time due to addi-
tional penalty and interest the delinquent taxes are a
few pennies more than the amount in the tax collector's
statement. Can the tax collector accept the amount
tendered or must he return the check to the taxpayer?"

We answer your questions in the order presented,
but since our answer to questions numbers 1 and 2 will be
the same, we will treat them together. We confine our answer
to delinquent taxes only, insofar as the right of the taxpayer
to pay the same without at the same time paying his delinquent

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Perry L. Jones, page 2

poll tax. The opinions heretofore rendered have had to do with the payment of current taxes, as did the case of Stuard v. Thompson, 251 S. W. 277, and we do not find it necessary to consider the prior opinions of this department or the case of Stuard v. Thompson, supra, as affecting our decisions here one way or the other, except the Stuard v. Thompson case supports our answer to your question No. 3, and is adopted for that purpose only.

Without attempting to review the statutes composing our taxation system pertaining to delinquent taxes and the method of securing and collecting the same, when not volunterily paid as provided in Article 7324, infra, we may say, generally, that three methods are provided. First, foreclosure of and sale under the constitutional lien imposed on each tract of land for the taxes assessed against it; second, the summary process of seizure and sale by the collector; and third, suit for taxes, and the levy on and sale of all land (except the homestead) in satisfaction of the judgment. We should say that under existing law the summary process of seizure and sale by the collector of real estate for the taxes due thereon does not apply, but does apply to personal property.

Article 7324, V.R.C.S., provides in part as follows:

"Whenever any person, or persons, firm or corporation shall pay to the tax collector all the taxes, interest, penalties and costs shown by the delinquent tax records of the county to be due and unpaid against any tract, lot or parcel of land for all of the years for which taxes may be shown to be due and unpaid, prior to the institution of suit for the collection thereof, the tax collector shall issue to such person or persons, firm or corporation, a receipt covering such payment as is now required by law."

Article 7345, V.R.C.S., provides as follows:

"When two or more lots or blocks or tracts of land are rendered in the same rendition with separate valuations, and the taxes due thereon become delinquent the tax collector shall, when tendered, accept payment of the taxes due on each lot or block or tract of land having such separate valuation."

Article 7345a, Sections 1 to 10, inclusive, provides for the transfer of the tax lien fixed by the Constitution and statutes upon real estate to any person authorized, as provided for in said article, by the owner of such real estate to pay such taxes and makes provision for protection of the assignor

Hon. Perry L. Jones, page 3

and assignee of such lien by fixing a limitation period of one year within which foreclosure may not be had by the assignee and for a redemption period, all of which statutory provisions evidence a clear legislative intent not to make the payment thereof dependent upon the payment of delinquent poll tax, which is a separate and distinct tax and not secured by any lien whatsoever upon any property, real or personal, owned by the delinquent taxpayer.

The Supreme Court of our State in the case of Richey, Tax Collector, et al. v. Moor, 249 S. W. 172, in an able opinion by Chief Justice Cureton, said:

"In considering the rule requiring the full payment of the taxes, we think it an appropriate deduction from the authorities to say that, where it is necessary for anyone, in order to preserve unimpaired his property rights, to pay the taxes due on any separate tract or parcel of land which has been separately assessed, he has the right to do so; and where the statutes can be construed to accomplish this end, then they should be so construed. Under the constitutional provision before us, the right of the citizen to have any tract of his land free of any lien, except that to secure the taxes levied against it, is an important, substantial, and real property right, not limited by the Constitution by any obligation to pay all other taxes due by him. If we were to say that the taxpayer cannot pay the taxes on one tract of his land without paying on all or paying all of his taxes, in its final effect on him, as previously stated, we would be awarding a lien not provided by the Constitution, or imposing a quasi-distraint not warranted by that instrument. The general rule that all taxes due must be paid at one time is not to be so blindly followed as to subvert the plain meaning of the organic law."

Judge Cureton further said:

"We are of the opinion that the tax against each separate tract or parcel of land, insofar as the right of payment is concerned, is to be regarded as a separate tract, and may be paid without at the same time paying other taxes."

We have not overlooked the fact that Judge Cureton in this case is dealing with the right of the taxpayer to pay current ad valorem taxes assessed against separate tracts without at the same time being required to pay the tax assessed against other and different tracts, but he takes pains to say that, as we have noted in our emphases in quoting from this case, that the taxpayer is not required "to pay all other taxes due by him; . . . or paying all of his taxes" without at the same time paying other taxes. The poll tax is part of all of his taxes, is part of all other taxes due by him, is other taxes. Hence, we think it safe to say that this case is indicative of the rule that would be applied if delinquent taxes had been directly involved. We think the rule would apply with greater force as pronounced in this case to delinquent taxes, for obviously the taxpayer has as much right to pay his delinquent taxes within the time prescribed by statute, as current taxes and thus redeem and relieve his property of the lien. For us to say that this right may be abridged by regulations or general rules not provided for in the Constitution and statutes, and not sanctioned by judicial approval is a pronouncement we are not willing to make.

Moreover if we were to hold that the delinquent taxpayer must pay his delinquent poll tax at the same time that he pays his delinquent property tax, we would in effect be adding a provision to Article 7324, supra, by construction which the Legislature did not see fit to add, by saying in effect: "The tax collector shall issue to such person or persons, . . . a receipt covering such payment as is now required by law provided such person or persons pays at the same time any delinquent poll tax that may be owing by him." If such provision is to be added to the statute it is exclusively within the province of the Legislature, and the Legislature has not thus spoken.

We therefore conclude that it is the duty of the tax collector to accept and receipt for delinquent taxes covering real estate and personal property, when timely tendered, without at the same time exacting of the delinquent taxpayer payment of any delinquent poll taxes assessed against him. If this be the law, and we think it is, there could certainly be no liability upon the tax collector's official bond by following it.

Hon. Perry L. Jones, page 5

In thus concluding we do not mean to hold that the State is without any legal remedy to collect delinquent poll taxes, but do hold that the remedy is not by the tax collector asserting a lien against property or a distraint upon the delinquent taxpayer, where the Constitution and statutes have given none, which would be the effect if we say the tax collector may refuse to accept and receipt for delinquent ad valorem taxes timely tendered by the delinquent taxpayer on real or personal property, unless such delinquent taxpayer pays at the same time another delinquent tax due by him, namely, a poll tax. We do not find it necessary in order to answer your question to discuss the remedy available to the State to collect delinquent poll taxes, hence refrain from doing so in this opinion.

Passing now to your third question, we do not think it requires extended discussion. If the Assessor-Collector of Taxes sent out a statement of delinquent taxes stating the amount due if paid by April 30, 1945, and the taxpayer delayed mailing his check until after May 1, 1945, at which time additional penalty and interest have accrued, the Tax Collector, as the collecting agent for the State and county, is not authorized under the law to accept the amount tendered in full payment of the taxes, interest and penalties, as the amount would be less than the taxes, penalty and interest due. If the amount tendered be less than the taxes, penalty and interest due at the time of the tender, whether the difference be small or large, the Tax Collector is not authorized under the law to accept the same. Stuard v. Thompson, supra; Cameron County Water Improvement District No. 8 v. De La Vergue Engine Co., 100 F. (2d) 523; Kansas City Life Insurance Co. v. DuVal, 129 S.W. (2d) 70, all of which hold that a tender must include everything to which the creditor is entitled, and a tender of any less sum is ineffectual.

We hope the foregoing sufficiently answers your questions

APPROVED JUN 11, 1945

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

LPL:AMM

D. P. Lollar
Assistant

APPROVED OPINION COMMITTEE BY CHAIRMAN